IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cheree Strickland, ) | |
| ) | No. 2:11-cv-2566-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Acevedo Restaurants, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court deny Defendant's motion for summary judgment. (Dkt. No. 52). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this employment discrimination action in September 2011 pleading claims for hostile work environment and retaliation under Title VII of the Civil Rights Act. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) DSC, this matter was automatically referred to a Magistrate Judge for pretrial proceedings. Defendant then filed a motion for summary judgment on April 22, 2013. (Dkt. No. 33). Plaintiff then filed a response in opposition to the motion. (Dkt. No. 36). The Magistrate Judge then issued an R&R recommending the Court deny the motion for summary judgment. (Dkt. No. 52). Defendant then filed an objection to the R&R. (Dkt. No. 58).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

1

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

After review of the record, the R&R, and Defendant's objections, the Court finds that the Magistrate Judge ably applied the law to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. Plaintiff makes three objections to the R&R. First, that Plaintiff cannot establish a prima facie case for retaliation because too much time passed from her initial complaint of discrimination to her ultimate dismissal from employment. Second, that Plaintiff cannot establish a prima facie case for harassment because the alleged conduct was not sufficiently "severe or pervasive." Finally, Defendant argues that Plaintiff cannot establish a prima facie case for harassment because the alleged conduct was not imputable to Defendant. The Court addresses each objection in turn.

### *Retaliation*

Facts relevant to the retaliation claim, stated in a light most favorable to Plaintiff, show that Plaintiff made a complaint of harassment to a supervisor in December 2008. Subsequently, Plaintiff made another complaint of harassment to an assistant manager in June 2009. Defendant then fired Plaintiff within a day or two of the complaint to the assistant manager.

To establish a prima facie case of retaliation, a plaintiff must show "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). The discharge of an employee soon after the employee engages in protected activity can be strongly suggestive of retaliatory motive and is therefore indirect proof of causation. *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994).

Defendant argues that Plaintiff cannot satisfy the causation element of the prima facie case because if Defendant had a retaliatory mindset it would have fired Plaintiff after the first

complaint in December 2008. The Court is not persuaded by this argument, nor does Defendant cite any cases to support it. Indeed, it seems it would frustrate the purpose of Title VII's anti-retaliation provision if an employer could avoid liability for future instances of retaliation simply by tolerating an employee's first complaint for a sufficient period. Therefore, the Court agrees with the Magistrate Judge that Plaintiff's claim for retaliation withstands the motion for summary judgment.

*Hostile Work Environment*

To state a prima facie claim for hostile work environment based on sex, a plaintiff must establish "that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003). Defendant asserts Plaintiff cannot satisfy the last two elements.

The third element addresses the nature and extent of the harassing behavior. In determining whether the alleged harassment of an employee is sufficiently severe or pervasive to bring it within Title VII's scope, a court must examine all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). No single factor is dispositive and the Court must examine the circumstances in their entirety. *Id.* at 23. The employee must also subjectively perceive the environment to be abusive. *Id.* at 21.

Taken in a light most favorable to Plaintiff, the Court finds there is a genuine issue of fact whether the conduct to which Plaintiff was subjected was severe or pervasive and not the

4

"ordinary tribulations of the workplace." *Ocheltree*, 335 F.3d at 333. The Magistrate Judge accurately summarizes the record in the R&R, and the Court need not repeat the many incidents of harassment stated there. Despite the alleged incidents, Defendant points out that Plaintiff acknowledged at her deposition that she was not physically afraid at work, was able to accomplish her work tasks, and did not socialize with other workers because she stayed in her own work area. These statements, however, do not alter the Court's conclusion. As stated above, the Court must view the evidence in a light most favorable to Plaintiff. Here, the fact that Plaintiff isolated herself and did not socialize could be attributed to a fear of harassment and the "ganging up" which she did not "really want to be a part of" and reflect a hostile work place. (Dkt. No. 33-2 at 97). Therefore, the Court agrees, after reviewing the record, with the Magistrate Judge that the evidence presented in this case is sufficient to establish a genuine issue of fact regarding the third element of the prima facie case.

Finally, Defendant asserts that the conduct of the alleged harasser, Plaintiff's manager Barney Hudson, is not imputable to it. The Magistrate Judge properly cited a recent Supreme Court decision, *Vance v. Ball State University*, 133 S. Ct. 2434, 2443 (2013), in which the Court stated when an employer would be held vicariously liable for the actions of an alleged harasser. The Court held:

> an employer may be vicariously liable for an employee's unlawful harassment only when the employer has empowered that employee to take tangible employment actions against the victim, i.e., to effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

*Id.* (internal quotations omitted). Defendant does not claim that Mr. Hudson lacked the authority described in *Vance*. Rather Defendant's argument regarding Defendant's liability for Mr. Hudson's conduct relies on *Andrade v. Mayfair Management*, 88 F.3d 258 (4th Cir. 1996).

5

However, the Supreme Court overruled the standard applied in that case in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 244 (4th Cir. 2000) (recognizing overruling of *Andrade*). Thus, Defendant's argument regarding the fourth element of the prima facie case is unavailing.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 52). Accordingly, the Court denies Defendant's motion for summary judgment. (Dkt. No. 33).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 27, 2014
Charleston, South Carolina

6